```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       STATESVILLE DIVISION
                          5:08CV105-MU-02
```

KENNETH EUGENE ALSTON,    )
    Plaintiff,          )
                       )
    v.                    )           <u>ORDER</u>
                       )
BOYD BENNETT, Director of )
  North Carolina Prisons; )
HATTIE PIMPONG, Chief of  )
  Disciplinary Hearings;  )
(FNU) MARSHALL, Sergeant  )
  at the Alexander Cor-   )
  rectional Institution;[1] )
REGGIE WEISNER, Superin-  )
  tendent at ACI;         )
MATTHEW W. PENNELL, Di-   )
  ciplinary Hearing Offi- )
  cer at ACI;             )
CHARLES PINNEX, Unit      )
  Manager at ACI;         )
WILLIAM HUFFMAN, Unit     )
  Manager at ACI;         )
P. TOWNSEND, Assistant    )
  Unit Manager at ACI;    )
J. CRISP, Assistant Unit  )
  Manager at ACI          )
KEITH WHITENER, Assistant )
  Superintendent of Cus-  )
  tody at ACI;            )
JOHN DOE, Grievance Exa-  )
  miner at the N.C. De-   )
  partment of Correc-     )
  tions; and              )
ROBERT PATTERSON, Super-  )
  intendent of Programs   )
  at ACI,                 )
    Defendants.           )
_____)

---

    [1]Alexander Correctional Institution hereafter will be referred to as "ACI."

**THIS MATTER** comes before the Court on Plaintiff's civil rights Complaint under 42 U.S.C. §1983 and his Application to Proceed without Prepayment of Fees and Affidavit, both filed September 12, 2008.  After careful consideration, for the reasons stated herein, Plaintiff's IFP Application will be <u>granted</u> for the sole purpose of allowing the Court to enter this Order, but his Complaint will be <u>dismissed</u>.

According to his Complaint, on August 25, 2005, an inmate at ACI was interviewed by Defendant Pinnex concerning allegations from a confidential informant that Plaintiff had sexually assaulted such inmate under threat of harm.  However, the inmate denied the incident.

Notwithstanding that alleged denial, Plaintiff reportedly was placed on administrative segregation pending an investigation of the matter. Plaintiff further alleges that he ultimately was charged with certain infractions related to the sexual assault/threat allegations; and that the charges subsequently were upgraded without an official "re-read[ing]" of such new charges to him and without giving him a "new statement form" so that he could "re-write his statement in regards to the new modified [charges] in order to have an opportunity to prepare a legal defense . . . ."  Plaintiff asserts that after several re-investigations of the charges, and despite the absence of any supporting evidence, he eventually was convicted in violation of

his constitutional right to due process. Plaintiff also claims that although he never submitted an appeal, Defendant Pimpong entered "a response" affirming his convictions, thereby denying him the right to appeal.

Upon its initial review, it did not escape the Court's attention that Plaintiff's claim appears to be deficient in several ways. That is, the Court observed that the gist of Plaintiff's allegations -- that the new charges were not re-read to him and he was not given a new form on which to prepare his defense -- appear to fall far short of stating a constitutional claim for relief. Indeed, Plaintiff does not allege that he actually was not given notice of the upgraded charges or that the absence of the new form wholly precluded his ability to prepare a defense. Nor can the Court reasonably conclude, on the basis of Plaintiff's allegations, that the alleged technical violations somehow impaired his ability to defend himself.

Equally critically, however, the record of this case reflects that Plaintiff's Complaint was accompanied by an IFP Application; and that on October 9, 2008, this Court entered an Order for Plaintiff to submit a certified copy of his inmate trust account statement so that payments from his account could begin. Plaintiff never responded to that Order. However, on November 12, 2008, an ACI official filed a letter advising that Plaintiff had been released from prison on October 10, 2008, his

3

trust account is closed, and he did not leave any funds in the custody of ACI. Furthermore, the Court notes that more than 30 days have elapsed since the date of Plaintiff's release and he has not contacted this Court either to make arrangements for the payment of the filing fee or to provide his current address. Thus, inasmuch as the Court's Order of October 9, 2008 expressly warned Plaintiff that his failure to comply with its directive -- <u>i.e.</u>, that he remit the requested information and begin making payments toward his filing fee -- could subject his Complaint to summary dismissal, this action will be dismissed for Plaintiff's failure to comply with that Order and to prosecute this matter.

**NOW, THEREFORE, IT IS ORDERED:**

1. That Plaintiff's IFP Application is **GRANTED** but only for the express purpose of allowing this Court to enter the instant Order; and

2. That Plaintiff's Complaint is **DISMISSED** for his failures both to comply with the Court's Order of October 9, 2008 and to otherwise prosecute this action. <u>See</u> Fed.R.Civ.P. 41(b).

**SO ORDERED.**

Signed: November 18, 2008

Graham C. Mullen
United States District Judge

4